In the Matter of SAMUEL F. BERKON, Petitioner, against ROBERT F. MAHONEY, as City Magistrate of the City of New York, Respondent.*

Supreme Court, Special Term, Kings County, April 29, 1943.

*Nathaniel L. Goldstein, Attorney-General,* for respondent.

*Charles S. Lubin* for petitioner.

DALY, J.   This is a proceeding under article 78 of the Civil Practice Act to review an order of a Magistrate of the City of New York, adjudging petitioner in criminal contempt of court. Prior to the return date the respondent, appearing by the Attorney-General of the State of New York, secured an order to show cause returnable on the return day of the petition, to strike out pursuant to section 1294 of the Civil Practice Act certain portions of said petition as redundant, irrelevant or immaterial to the issues, and to extend the time to serve the answer and answering affidavits, adjourn the proceeding, and for such other relief as may be just and proper.

Section 1288 of the Civil Practice Act provides that an application to review " shall be founded upon a petition, verified as in an action, which shall contain a *plain* and *concise* statement of the *material facts* on which the petitioner relies," and " may be accompanied by affidavits and other written proof." (Italics mine.)   The petition served herein is neither plain nor concise. Its only resemblance to a pleading is that it is verified and has separately numbered paragraphs, otherwise it is a lengthy,

* See, also, *Matter of Berkon* v. *Mahoney,* 180 Misc. 659.

argumentative and confused statement consisting of a mass of verbiage and superfluous matter; it combines elements of a petition, supporting affidavit and brief all in one; it intermingles with alleged facts, evidence, conclusions of law and discussions of the procedure in connection with parking tags. In short, it fails in every respect to meet the requirements of the section of the Civil Practice Act above referred to. As a result it is impossible and unsafe for the respondent to prepare any answer thereto.

Under these circumstances the court will not select a modicum of facts that are material from the mass which has been submitted by the petitioner, but will strike out the entire petition with leave to plead anew following proper methods of pleading. Inasmuch, however, as the exhibits attached to the original petition are lengthy and will be filed with the clerk, copies thereof need not be attached to the amended petition which will be served pursuant to the order to be entered hereon. The filed exhibits may be incorporated by reference. The amended petition will be served within ten days of the service of the order hereon with notice of entry.

Settle order on notice.